IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANNE WILLIAMS,[1] | § | |
| | § | No. 345, 2015 |
| Respondent Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware, |
| DARREN THOMAS and | § | in and for New Castle County |
| LAUREN SMITH, | § | File No. CN10-06153 |
| | § | Pet. No. 14-32739 |
| Petitioner Below-<br>Appellee. | § | |
| | § | |

Submitted:   September 18, 2015
Decided:   November 13, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 13th day of November 2015, upon consideration of the opening brief and the record below,[2] it appears to the Court that:

(1)     The appellant, Anne Williams ("the Mother"), filed this appeal from an order of the Family Court granting a petition for third-party visitation filed by the appellees, Darren Thomas and Lauren Smith, who are the paternal grandfather and step-grandmother ("the Paternal Grandparents")

---

[1] The Court has assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] The appellees did not file an answering brief.

of the Mother's son, who was born July 26, 2009. We find no merit to the Mother's appeal. Accordingly, we affirm the judgment of the Family Court.

(2) The record reflects that the Paternal Grandparents filed a petition for visitation on December 1, 2014. The Mother filed an answer on December 12, 2014. The Family Court held a call of the calendar on March 27, 2015 to address scheduling matters on both the Paternal Grandparents' petition for visitation and on a separate petition filed by the Mother requesting a modification of custody. The Mother did not appear, although the Family Court noted that the Mother's mother had sought a continuance of the March 27th hearing on the Mother's behalf due to "an unforeseen emergency." The Family Court entered an order dated April 1, 2015, which granted alternating weekend visitation to the Paternal Grandparents on an interim basis and ordered the Mother to provide a written explanation for her failure to appear at the March 27th hearing. The Family Court also scheduled a hearing on the Paternal Grandparents' petition for visitation for June 1, 2015.

(3) The Mother did not appear for the June 1, 2015 hearing. On June 5, 2015, the Family Court entered an order granting the petition for third-party visitation, awarding the Paternal Grandparents visitation with the child every other week during the summer break and every other weekend

2

during the school year. In awarding visitation, the Family Court concluded that visitation was in the child's best interests because the Paternal Grandfather had been the child's legal guardian and had participated in raising the child on a daily basis until shortly before the petition was filed.

(4) The Mother appeals that judgment. The only issue the Mother raises in her opening brief on appeal is a claim that she "was not given any petition or court date for this matter."

(5) We find no merit to Mother's assertion that she was never notified of the Paternal Grandparents' petition or of the scheduled hearing. The record reflects that the Mother, in fact, filed an answer to the petition for visitation on December 12, 2014. The record also reflects that the Family Court's April 1, 2015 order, which granted interim visitation and scheduled a hearing on the petition for visitation on June 1, 2015, was sent to the Mother at the address that she previously had provided to the Court. In light of this record, we find no support for Mother's contention that she did not receive proper notice of the petition or hearing.[3] In the absence of any error or abuse by the Family Court, we conclude that the Family Court's June 5, 2015 order must be upheld.

---

[3] *Walker v. Martin*, 2012 WL 4880091 (Del. Oct. 15, 2012).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice